1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEPHEN RUSSELL FEGAN,                    No.  1:23-cv-01520-SKO (HC)

12                Petitioner,                   **ORDER DISMISSING PETITION WITH
                                                LEAVE TO FILE FIRST AMENDED**
13          v.                                  **PETITION**

14   GISELLE MATTERSON,                         **[THIRTY DAY DEADLINE]**

15                Respondent.

16

17          Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.

19   **I.      PROCEDURAL BACKGROUND**

20          On December 13, 1995, Petitioner was convicted in the Merced County Superior Court of

21   the following counts: (1) First degree murder with personal use of a knife (Cal. Penal Code §§

22   187 and 12022(b)), with the special circumstance that the murder was committed while Petitioner

23   was engaged in the commission of first degree burglary and arson (Cal. Penal Code §

24   190.2(a)(17)(vii, viii)); (2) First degree murder with personal use of a knife and an axe (Cal. Penal

25   Code §§ 187 and 12022(b)), with the special circumstances that the murder was committed while

26   Petitioner was engaged in the commission of first degree burglary and arson (Cal. Penal Code §

27   190.2(a)(17)(vii, viii)), and that Petitioner committed multiple murders (Cal. Penal Code §

28   190.2(a)(3)); (3) First degree burglary (Cal. Penal Code § 459); (4) Arson of an inhabited

                                                   1

structure (Cal. Penal Code § 451(b)); and (5) Child abduction (Cal. Penal Code § 277).  See Fegan v. Roe (1:99-cv-6427-OWW-LJO-P) (Doc. 24).  On January 16, 1996, Petitioner was sentenced to state prison for life without the possibility of parole on each of counts 1 and 2 plus 2 years for the personal knife use enhancements of counts 1 and 2, the upper term of 8 years on count 4, and 1 year and 4 months on count 3. Id.

Petitioner appealed and on December 31, 1997, the Fifth District Court of Appeal affirmed the conviction and sentence. Id. On April 15, 1998, the California Supreme Court denied a petition for review. Id. Petitioner filed a habeas petition in the California Supreme Court on May 6, 1999, which was denied on August 25, 1999. Id.

On September 29, 1999, Petitioner filed his first federal habeas petition in this Court. Id. Petitioner raised the following grounds for relief: (1) Petitioner was denied effective assistance of counsel; (2) The trial court erroneously refused to allow instructions and argument on self-defense and imperfect self-defense; and (3) The trial court erroneously failed to instruct on the relationship between evidence of a mental disorder and head trauma, and specific intent. Id. On January 6, 2003, the petition was denied on the merits. Id. (Doc. 28.)

Petitioner then filed numerous habeas petitions in this Court challenging the conviction contending, *inter alia*, that Petitioner's rights to due process and assistance of counsel were violated by insufficient evidence of Petitioner's impaired reasoning, judgment, and decision-making as a result of a head injury. See Fegan v. Arnold (1:16-cv-1142-SKO-HC); Fegan v. Frauenheim (1:14-cv-01022-AWI-SMS HC); Fegan v. Brazelton (1:14-cv-00967-JLT HC); Fegan v. Warden (1:11-cv-01863-LJO-JLT HC); Fegan v. Warden (1:10-cv-01690-AWI-JLT HC); Fegan v. Warden (1:08-cv-01373-JLT HC); Fegan v. California (1:08-cv-01140-DLB HC); Fegan v. Scribner (1:06-cv-00531-OWW-DLB HC). The petitions were dismissed as successive.

On April 14, 2022, Petitioner filed a request for authorization to file a second or successive petition in the Ninth Circuit Court of Appeal.  On October 12, 2023, the Ninth Circuit ordered the matter transferred to this Court.  The Ninth Circuit determined that the application for authorization was unnecessary because Petitioner presented a claim regarding the denial of his petition for resentencing under Cal. Penal Code § 1170.95, which claim did not become ripe until

after the first § 2254 petition was denied.  The Ninth Circuit expressed no opinion as to the merits

of the claim or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 were

satisfied.  On October 25, 2023, the case was received in this Court.

## II.     PRELIMINARY SCREENING OF PETITION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary

review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly

appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A

petition for habeas corpus should not be dismissed without leave to amend unless it appears that

no tenable claim for relief can be pleaded were such leave to be granted. Jarvis v. Nelson, 440

F.2d 13, 14 (9th Cir. 1971).

## III.    DEFICIENT PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

   (1)     Specify all the grounds for relief available to the petitioner;
   (2)     State the facts supporting each ground;
   (3)     State the relief requested;
   (4)     Be printed, typewritten, or legibly handwritten; and
   (5)     Be signed under penalty of perjury by the petitioner or by a person authorized to
           sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is deficient, largely because it is in the form of an application to file a

successive petition.  Petitioner's claim is not specified, nor does he adequately set forth the facts

supporting the claim.  Petitioner will be given an opportunity to file a first amended petition

wherein he can specify his grounds for relief and set forth the facts in support thereof.

## IV.    COGNIZABLE GROUNDS FOR RELIEF

Citing Brown v. Atchley, 76 F.4th 862, 872-73 (9th Cir. 2023), the Ninth Circuit stated

that Petitioner need not request authorization for a successive petition as to his claim regarding

the denial of his petition for resentencing under Cal. Penal Code § 1170.95.  In Brown, the Ninth

Circuit noted that California Senate Bill 1437 added section 1170.95, which provides a procedure

for a defendant convicted of felony murder or murder under a "natural and probable

consequences" theory to obtain retroactive relief.  Id. (citing Cal. Penal Code § 1170.95(a)).  To

3

1  seek relief under section 1170.95, a petitioner must make a *prima facie* case that the petitioner

2  could not be convicted of first or second degree murder due to the changes in section 188 or 189.[1]

3  Senate Bill 1437 changed the definition of "malice" in section 188 by adding a new

4  provision stating that "[m]alice can no longer 'be imputed to a person based solely on his or her

5  participation in a crime.'" People v. Bucio, 48 Cal. App. 5th 300, 307 (2020) (alteration omitted).

6  Second, the bill changed the felony-murder rule by adding section 189(e), which provides

7  that a defendant cannot be held liable for murder that occurs in the course of a felony unless the

8  defendant was the actual killer (or "a major participant" in the conduct leading to murder) and

9  had the requisite mens rea. Id. As the legislature "stated in the uncodified statutory findings,"

10  "'[a] person's culpability for murder must be premised upon that person's own actions and

11  subjective mens rea.'" People v. Alaybue, 51 Cal. App. 5th 207, 213 (2020).

12  Petitioner is advised that the Ninth Circuit did not authorize him to file a second petition

13  raising any and all claims including those previously barred as successive.  Petitioner is limited to

14  presenting only those claims concerning Sections 188 and 189 above.  Petitioner is not authorized

15  to present any other claims not related to the above.  Such claims are barred as second or

16  successive and will be dismissed as such.

17  /////

18  /////

19  /////

20  /////

21  /////

22  /////

23

---

[1] Specifically, the petitioner had to file a petition in the sentencing court stating that:

(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]

(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [and]

(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.

Cal. Penal Code § 1170.95(a)(1)–(3).

4

**V.    ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition is DISMISSED with leave to amend;

2) Petitioner is DIRECTED to FILE a First Amended Petition within thirty (30) days of the date of service of this order; and

3) The Clerk of Court is DIRECTED to provide Petitioner with a blank § 2254 habeas form.

IT IS SO ORDERED.

Dated:   **October 26, 2023**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE