UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL FEGAN,<br><br>Petitioner,<br><br>v.<br><br>GISELLE MATTERSON,<br><br>Respondent. | No. 1:23-cv-01520-SKO (HC)<br><br>**ORDER DISMISSING FIRST AMENDED PETITION WITH LEAVE TO FILE SECOND AMENDED PETITION**<br><br>**[THIRTY DAY DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.     PROCEDURAL BACKGROUND**

On December 13, 1995, Petitioner was convicted in the Merced County Superior Court of the following counts: (1) First degree murder with personal use of a knife (Cal. Penal Code §§ 187 and 12022(b)), with the special circumstance that the murder was committed while Petitioner was engaged in the commission of first degree burglary and arson (Cal. Penal Code § 190.2(a)(17)(vii, viii)); (2) First degree murder with personal use of a knife and an axe (Cal. Penal Code §§ 187 and 12022(b)), with the special circumstances that the murder was committed while Petitioner was engaged in the commission of first degree burglary and arson (Cal. Penal Code § 190.2(a)(17)(vii, viii)), and that Petitioner committed multiple murders (Cal. Penal Code § 190.2(a)(3)); (3) First degree burglary (Cal. Penal Code § 459); (4) Arson of an inhabited

1  structure (Cal. Penal Code § 451(b)); and (5) Child abduction (Cal. Penal Code § 277).  See
2  Fegan v. Roe (1:99-cv-6427-OWW-LJO-P) (Doc. 24).  On January 16, 1996, Petitioner was
3  sentenced to state prison for life without the possibility of parole on each of counts 1 and 2 plus 2
4  years for the personal knife use enhancements of counts 1 and 2, the upper term of 8 years on
5  count 4, and 1 year and 4 months on count 3. Id.

6  Petitioner appealed and on December 31, 1997, the Fifth District Court of Appeal
7  affirmed the conviction and sentence. Id. On April 15, 1998, the California Supreme Court denied
8  a petition for review. Id. Petitioner filed a habeas petition in the California Supreme Court on
9  May 6, 1999, which was denied on August 25, 1999. Id.

10  On September 29, 1999, Petitioner filed his first federal habeas petition in this Court. Id.
11  Petitioner raised the following grounds for relief: (1) Petitioner was denied effective assistance of
12  counsel; (2) The trial court erroneously refused to allow instructions and argument on self-
13  defense and imperfect self-defense; and (3) The trial court erroneously failed to instruct on the
14  relationship between evidence of a mental disorder and head trauma, and specific intent. Id. On
15  January 6, 2003, the petition was denied on the merits. Id. (Doc. 28.)

16  Petitioner filed numerous habeas petitions in this Court challenging the conviction
17  contending, *inter alia*, that Petitioner's rights to due process and assistance of counsel were
18  violated by insufficient evidence of Petitioner's impaired reasoning, judgment, and decision-
19  making as a result of a head injury. See Fegan v. Arnold (1:16-cv-1142-SKO-HC); Fegan v.
20  Frauenheim (1:14-cv-01022-AWI-SMS HC); Fegan v. Brazelton (1:14-cv-00967-JLT HC);
21  Fegan v. Warden (1:11-cv-01863-LJO-JLT HC); Fegan v. Warden (1:10-cv-01690-AWI-JLT
22  HC); Fegan v. Warden (1:08-cv-01373-JLT HC); Fegan v. California (1:08-cv-01140-DLB HC);
23  Fegan v. Scribner (1:06-cv-00531-OWW-DLB HC). The petitions were dismissed as successive.

24  On April 14, 2022, Petitioner filed a request for authorization to file a second or
25  successive petition in the Ninth Circuit Court of Appeal.  On October 12, 2023, the Ninth Circuit
26  ordered the matter transferred to this Court.  The Ninth Circuit determined that the application for
27  authorization was unnecessary because Petitioner presented a claim regarding the denial of his
28  petition for resentencing under Cal. Penal Code § 1170.95, which claim did not become ripe until

after the first § 2254 petition was denied. The Ninth Circuit expressed no opinion as to the merits of the claim or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 were satisfied. On October 25, 2023, the case was received in this Court.

On October 27, 2023, the Court conducted a preliminary review of the petition and determined that Petitioner failed to present cognizable claims for relief. Petitioner was advised that he could not present claims concerning the underlying conviction, because the claims were successive. Petitioner was advised that, pursuant to the Ninth Circuit's order referring the matter to the District Court, he was only permitted to raise claims concerning the denial of his petition for resentencing under Cal. Penal Code § 1170.95. The petition was dismissed with leave to file a First Amended Petition. (Doc. 7.)

On November 13, 2023, Petitioner filed a First Amended Petition. (Doc. 15.)

## II.   PRELIMINARY SCREENING OF PETITION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## III.   COGNIZABLE GROUNDS FOR RELIEF

Citing Brown v. Atchley, 76 F.4th 862, 872-73 (9th Cir. 2023), the Ninth Circuit stated that Petitioner need not request authorization for a successive petition **as to his claim regarding the denial of his petition for resentencing under Cal. Penal Code § 1170.95**. (emphasis added.) In Brown, the Ninth Circuit noted that California Senate Bill 1437 added section 1170.95, which provides a procedure for a defendant convicted of felony murder or murder under a "natural and probable consequences" theory to obtain retroactive relief. Id. (citing Cal. Penal Code § 1170.95(a)). To seek relief under section 1170.95, a petitioner must make a *prima facie* case that the petitioner could not be convicted of first or second degree murder due to the changes

in section 188 or 189.¹

Senate Bill 1437 changed the definition of "malice" in section 188 by adding a new provision stating that "[m]alice can no longer 'be imputed to a person based solely on his or her participation in a crime.'" People v. Bucio, 48 Cal. App. 5th 300, 307 (2020) (alteration omitted).

Second, the bill changed the felony-murder rule by adding section 189(e), which provides that a defendant cannot be held liable for murder that occurs in the course of a felony unless the defendant was the actual killer (or "a major participant" in the conduct leading to murder) and had the requisite mens rea. Id. As the legislature "stated in the uncodified statutory findings," "'[a] person's culpability for murder must be premised upon that person's own actions and subjective mens rea.'" People v. Alaybue, 51 Cal. App. 5th 207, 213 (2020).

In his First Amended Petition, Petitioner raises the following claims for relief: 1) He did not violate Cal. Penal Code § 277 because he did not take his child from his spouse; 2) He suffered a frontal lobe injury just prior to his arrest; 3) The trial court violated his right to reciprocal discovery; and 4) The jury was not instructed on the head injury evidence and its correlation to *mens rea* and *actus reus*. All of these claims concern the underlying conviction, were previously raised and rejected, and are successive. As discussed above and in the previous order dismissing the petition, such claims are not permitted. Only claims concerning the denial of his petition for resentencing under Cal. Penal Code § 1170.95 are permitted. Specifically, Petitioner must demonstrate why the state court was unreasonable in rejecting his claim that he could not be convicted of first or second degree murder due to the changes in section 188 or 189. The First Amended Petition will be dismissed, and Petitioner will be granted one final opportunity to present cognizable grounds for relief. Failure to do so will result in a

---

¹ Specifically, the petitioner had to file a petition in the sentencing court stating that:
    (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]
    (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [and]
    (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.
Cal. Penal Code § 1170.95(a)(1)–(3).

4

recommendation that the action be dismissed.

### IV.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1) The First Amended Petition is DISMISSED with leave to amend;
2) Petitioner is DIRECTED to FILE a Second Amended Petition within thirty (30) days of the date of service of this order; and
3) The Clerk of Court is DIRECTED to provide Petitioner with a blank § 2254 habeas form.

IT IS SO ORDERED.

Dated:  **December 19, 2023**             /s/ *Sheila K. Oberto*
                                     UNITED STATES MAGISTRATE JUDGE