UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL FEGAN,<br><br>    Petitioner,<br><br>    v.<br><br>GISELLE MATTERSON,<br><br>    Respondent. | Case No.: 1:23-cv-01520-KES-SKO (HC)<br><br>FINDINGS AND RECOMMENDATION GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM<br><br>[Doc. 29]<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 17, 2024, Petitioner filed a Second Amended Petition. (Doc. 23.) After conducting a preliminary screening of the petition, the Court directed Respondent to file a response. (Doc. 24.) On March 13, 2024, Respondent filed a motion to dismiss the petition for failure to state a claim. (Doc. 29.) On April 26, 2024, Petitioner filed two oppositions to the motion. (Docs. 39, 40.) On May 2, 2024, Respondent filed a reply to the opposition. (Doc. 41.) The Court has considered the pleadings and will recommend that Respondent's motion to dismiss be granted and the Second Amended Petition be dismissed.

**I.    PROCEDURAL HISTORY**

    On December 13, 1995, Petitioner was convicted in the Merced County Superior Court of two counts of first-degree murder with personal use of a knife (Cal. Penal Code §§ 187, 12022(b)), and

1

felony murder special circumstance allegations that the murders were committed during the commission or attempted commission of arson and burglary (Cal. Penal Code §§ 190.2, 451(b), 459). (Doc. 30-1 at 1-2.)  He was sentenced to a determinate term of 9 years and 4 months plus an indeterminate term of life without possibility of parole.  (Doc. 30-1 at 1-2.)

Petitioner filed numerous petitions for resentencing in the superior court.  He appealed to the California Court of Appeal, Fifth Appellate District on April 1, 2020. (Doc. 30-3.)  On August 3, 2021, the appellate court affirmed the superior court's denials, concluding that Petitioner was ineligible for resentencing as a matter of state law. (Doc. 30-4.)  Petitioner then petitioned for review in the California Supreme Court, and the petition was denied on October 13, 2021. (Doc. 30-5.)

## II.     DISCUSSION

### A.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

It is well-settled that federal habeas relief is not available to state prisoners challenging state law.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.

1997) ("alleged errors in the application of state law are not cognizable in federal habeas corpus" proceedings).

Here, Petitioner presents four claims challenging the state court's failure to comply with state law in denying his resentencing petitions. In Ground One, Petitioner alleges the trial court erred procedurally by entering a summary denial order without first appointing counsel, issuing an order to show cause, and holding an evidentiary hearing. In Ground Two, Petitioner contends that the trial court issued its summary denial without first requiring the prosecution to prove every element of liability beyond a reasonable doubt. Petitioner also claims the trial court erred by considering matters outside the petition for resentencing and by failing to specify the material it relied upon. In Ground Three, Petitioner claims the trial court erred in denying the 2020 petitions as successive to the 2019 petitions. Finally, in Ground Four, Petitioner alleges the trial court erred in denying the 2020 petitions because the denial orders were not entered by the original sentencing judge.

Petitioner's challenges to the state court's application of state sentencing laws do not give rise to a federal question cognizable on federal habeas review. Lewis v. Jeffers, 497 U.S. 764 (1990); Sturm v. California Youth Authority, 395 F.2d 446, 448 (9th Cir. 1967) ("a state court's interpretation of its [sentencing] statute does not raise a federal question"). This Court is bound by the state court's interpretations of state law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (*per curiam*). Allegations of "errors in the state post-conviction review process [are] not addressable through [federal] habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). Petitioner's attempt to transform his claims into violations of federal constitutional rights by general, conclusory references to federal due process is unavailing. Langford, 110 F.3d at 1389 (a petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"); see, e.g., Bamber v. Pollard, 2020 WL 4818598, *3 (N.D. Cal. 2020) (petitioner's claim that his due process rights were violated in denial of application for resentencing under Cal. Penal Code § 1170.126 was not cognizable); Holloway v. Price, 2015 WL 1607710, at *8 (C.D. Cal. 2015) (petitioner's federal due process and equal protection claims directed to the denial of his application for resentencing under § 1170.126 were noncognizable); Occeguedo v. Dep't of Corr., 2015 WL 4638505, at *2 (C.D. Cal. 2015) (rejecting as noncognizable petitioner's federal due process challenge to state court's denial of

his application for resentencing under the Three Strikes Reform Act); Johnson v. Davis, 2014 WL 2586883, at *5 (C.D. Cal. 2014) ("Petitioner's attempt to transform his claim of an alleged misapplication of § 1170.126 into a claim of a violation of his federal constitutional rights, by conclusory references to 'due process' and 'equal protection,' is unavailing."); Cooper v. Supreme Court of California, 2014 WL 198708, at *2 (C.D. Cal. 2014) (petition challenging state resentencing denial subject to summary dismissal because errors in the application of state law do not give rise to federal habeas relief).  Petitioner fails to state a cognizable federal habeas claim, and the petition should be dismissed.

### III.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and the Second Amended Petition be DISMISSED with prejudice for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to objections are due within ten (10) court days of the filing of objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 6, 2024**              /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE