UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL FEGAN,<br><br>  Petitioner,<br><br>    v.<br><br>GISELLE MATTERSON,<br><br>  Respondent. | No. 1:23-cv-01520-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING MOTION FOR WRIT OF NE EXEAT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>(Docs. 29, 42) |

Petitioner Stephen Russell Fegan is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2024, the assigned magistrate judge issued findings and recommendations to grant respondent's motion to dismiss the petition for failure to state a claim. Doc. 42. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within thirty (30) days after service. On May 13, 2024, petitioner sought an interlocutory appeal in the Ninth Circuit. Doc. 43. The appeal was

1  dismissed on June 11, 2024, on petitioner's motion for voluntary dismissal.  Doc. 50.  In the
2  meantime, on June 5, 2024, petitioner timely filed objections to the findings and
3  recommendations.  Doc. 48.
4      In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de
5  novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the
6  court concludes that the magistrate judge's findings and recommendations are supported by the
7  record and proper analysis.  As the findings and recommendations explained, a habeas petitioner
8  may not "transform a state-law issue into a federal one merely by asserting a violation of due
9  process."  Doc. 42 at 3 (quoting *Langford v. Day*, 110 F.3d, 1380 (9th Cir. 1996)).
10     Each of petitioner's four grounds for relief center on the state habeas court's application
11 of a state resentencing law, California Penal Code § 1170.95.  *See* Doc. 23 at 4–5.  Each ground
12 for relief is considered in turn.
13     In Ground One, petitioner challenged the trial court's entry of a summary denial order
14 without first appointing counsel, issuing an order to show cause, and holding an evidentiary
15 hearing, as petitioner contends is required by § 1170.95.  *Id.* at 28–31.  For this claim, petitioner
16 asserts that "[t]he implication of federal due process and equal protection under the United States
17 Constitutional amendments seems rather apparent."  *Id.* at 31.  He provides no authority or
18 analysis to support that contention.  This is insufficient to state a federal claim.  *See Johnson v.*
19 *Davis*, No. CV 14-3056-JVS, 2014 WL 2586883, at *5 (C.D. Cal. 2014) ("Petitioner's attempt to
20 transform his claim of an alleged misapplication of [a state law] into a claim of a violation of his
21 federal constitutional rights, by conclusory references to 'due process' and 'equal protection,' is
22 unavailing.").
23     In Ground Two, petitioner challenges the trial court's summary denial of his resentencing
24 petition for two other distinct reasons.  First, he contends that the trial court denied resentencing
25 despite the fact that the prosecution at his original trial advanced alternate theories – first-degree
26 murder and felony murder – and therefore, he contends, did not have to prove every element of
27 each charge beyond a reasonable doubt.  Doc. 23 at 35–36.  Petitioner argues that this violated his
28 constitutional rights as articulated in *Jackson v. Virginia*, 443 U.S. 307 (1979).  Doc. 23 at 32–36.

In *Jackson*, the Supreme Court held that "a federal court must entertain a claim by a prisoner that . . . the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find [him] guilty beyond a reasonable doubt. . . ." 443 U.S. at 320–21.

A brief consideration of § 1170.95 and the state courts' findings is necessary to address petitioner's contentions. The state resentencing law at issue

> amends the [California] felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. It amends section 188, which defines malice, and section 189, which defines the degrees of murder to address felony-murder liability, and it adds section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions.

*People v. Fegan*, F081054, 2021 WL 3360125, at *3 (Cal. Ct. App. Aug. 3, 2021).

In the state trial and appellate court, whose decisions petitioner challenges here, petitioner made the same state law argument that he raises now: He argued that "the [trial] court erred by summarily denying the petitions . . . because he was prosecuted under theories of felony murder and premeditated murder and the verdicts did not specify the theory of conviction." *Id.* at *4. The state appellate court – after explaining that petitioner was found guilty of two counts of first degree murder and "was *not* convicted under a felony-murder theory" – answered this argument: "We disagree with defendant's contentions. Here, the record established defendant was the actual killer, and the jury's true findings on the felony-murder special-circumstance enhancements rendered defendant ineligible for relief [under § 1170.95] as a matter of law." *Id. at* *1, *4.

This court must defer to the state court's factual findings, *see* 28 U.S.C. § 2254(e)(1), and interpretations of state law, *Bradshaw v. Richey*, 564 U.S. 74, 76 (2005). As such, the state court's determination that petitioner "was *not* convicted under a felony-murder theory" is owed deference, and petitioner's argument thus has no merit.[1] Considering this, the magistrate judge

---

[1] Had all the elements of first degree murder *not* been proven beyond a reasonable doubt, as petitioner contends, his *Jackson* argument might have merit. But it is based on an unfounded

3

1  properly recommended denying this part of the claim in Ground Two.

2  For the second distinct claim in Ground Two, petitioner argues that the trial court's failure to appoint counsel for his resentencing pursuant to California Penal Code § 1170.95(b)(3) is an arbitrary deprivation of a state law right which amounts to a denial of due process. *See* Doc. 23 at 35. Petitioner relies primarily on *Hicks v. Oklahoma*, 447 U.S. 343 (1980), to make this point. *See id.*

In *Hicks*, the defendant was sentenced to a mandatory sentence of 40 years under an Oklahoma law that had been found unconstitutional under the Oklahoma Constitution prior to his sentencing. *Id.* at 345. The Oklahoma Supreme Court upheld the conviction under the unconstitutional sentencing law because "the jury *might* have [exercised their discretion to] impose[] a sentence equally as harsh as that mandated by" the unconstitutional sentencing law. *Id.* at 346. The *Hicks* Court held that the state courts' application of an unconstitutional sentencing law based only on the "frail conjecture" that the result might have been harmless was not only the "denial of a procedural right of exclusively state concern," but also an "arbitrary deprivation" of a liberty interest "that the Fourteenth Amendment [Due Process Clause] preserves." *Id.*

Petitioner's case is quite different from *Hicks*. In *Hicks*, the Court was primarily concerned with the fact that the state courts had applied an unconstitutional law and then found that the error was harmless because the result "might" (but probably would not) have been the same. 440 U.S. at 346–47. Here, there is no contention that the sentencing laws applied to petitioner were unconstitutional then or now. And while the state appellate court did find that the trial court may have erred in denying petitioner's second petition as successive to a prior petition and described that error as "harmless" (as in *Hicks*), *see Fegan*, 2021 WL 3360125, at *5, the error *was* truly harmless. As the state appellate court explained, petitioner was categorically ineligible for resentencing under § 1170.95 based on the jury's felony-murder special-

---

27  premise that he was prosecuted under alternate theories of first degree murder and felony-murder and that the verdict did not specify which was used to support the verdict. *Fegan*, 2021 WL 3360125, at *1.

circumstance findings at his original trial.  *Id.*  His claim thus would have been denied by the trial court even if evaluated on the merits.  This is not the same sort of "frail conjecture" identified in *Hicks*, but rather, an application of state law to which this court must show deference.  *See Langford*, 110 F.3d at 1388–89.

In Ground Three, petitioner argues that the trial court erred in denying his state petition as successive to a prior petition, and in Ground Four, petitioner argues that the resentencing order should have been resolved by the original sentencing judge.  Doc. 23 at 37–43.  Both claims involve only the application of state law, and petitioner cites no authority to suggest that these claims implicate his federal constitutional rights.  *See id.*

In sum, the magistrate judge was correct that the second amended petition sought to "transform a state-law issue into a federal one merely by asserting a violation of due process" in each of the four claims raised.  Doc. 42 at 3 (quoting *Langford*, 110 F.3d at 1389).

Next, the court notes that on June 27, 2024, petitioner filed a motion entitled "Motion for Granting a Writ of Ne Exeat under 28 U.S.C. 1651, Sec. 376."  It appears petitioner is requesting a writ of *ne exeat* within the court's general power to "issue all writs necessary or appropriate."  28 U.S.C. § 1651(a).  A writ of *ne exeat* is neither necessary nor appropriate in this case.  "*Ne exeat*" is defined as a Latin phrase for a court order that forbids a person involved in a legal matter to leave the country or state where the court has jurisdiction.  *Ne Exeat*, Black's Law Dictionary (12th ed. 2024); *see also Gonzales v. Gutierrez*, 311 F.3d 942, 947 n.8 (9th Cir. 2002).  In family law, it is an equitable writ restraining a person from leaving, or from removing a child or property from the jurisdiction.  *Id.*  There is no basis in this habeas proceeding for petitioner's motion for a writ of *ne* exeat, and his motion is therefore denied.

In addition, the court declines to issue a certificate of appealability.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–336 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

(a)     In a habeas corpus proceeding or a proceeding under section 2255 before a

5

district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

(b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>   (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may issue a certificate of appealability only when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on May 6, 2024, Doc. 42, are ADOPTED IN FULL;

2. Respondent's motion to dismiss, Doc. 29, is GRANTED;

6

3. Petitioner's motion for a writ of *ne exeat*, Doc. 51, is DENIED;

4. The second amended petition for writ of habeas corpus, Doc. 23, is DISMISSED;

5. The Clerk of Court is directed to enter judgment and close the case; and

6. The court declines to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:   September 30, 2024

UNITED STATES DISTRICT JUDGE