UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL FEGAN,<br><br>Petitioner,<br><br>v.<br><br>JANAN CAVAGNOLO, Acting Warden,<br><br>Respondent. | No. 1:23-cv-01520-KES-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS SUCCESSIVE CLAIMS**<br><br>**[21-DAY DEADLINE]** |

Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was remanded from the Ninth Circuit Court of Appeals on June 17, 2025. Pursuant to the District Court's June 23, 2025, order referring the matter for further proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17), the Court will RECOMMEND the petition and first amended petition be DISMISSED.

## **PROCEDURAL BACKGROUND**

### I. STATE COURT PROCEEDINGS

On December 13, 1995, Petitioner was convicted in the Merced County Superior Court of the following counts: (1) First degree murder with personal use of a knife (Cal. Penal Code §§ 187 and 12022(b)), with the special circumstance that the murder was committed while Petitioner was engaged in the commission of first degree burglary and arson (Cal. Penal Code §

1

190.2(a)(17)(vii, viii)); (2) First degree murder with personal use of a knife and an axe (Cal. Penal Code §§ 187 and 12022(b)), with the special circumstances that the murder was committed while Petitioner was engaged in the commission of first degree burglary and arson (Cal. Penal Code § 190.2(a)(17)(vii, viii)), and that Petitioner committed multiple murders (Cal. Penal Code § 190.2(a)(3)); (3) First degree burglary (Cal. Penal Code § 459); (4) Arson of an inhabited structure (Cal. Penal Code § 451(b)); and (5) Child abduction (Cal. Penal Code § 277). See Fegan v. Roe (1:99-cv-6427-OWW-LJO-P) (Doc. 24). On January 16, 1996, Petitioner was sentenced to state prison for life without the possibility of parole on each of counts 1 and 2 plus 2 years for the personal knife use enhancements of counts 1 and 2, the upper term of 8 years on count 4, and 1 year and 4 months on count 3. Id.

Petitioner appealed and on December 31, 1997, the Fifth District Court of Appeal affirmed the conviction and sentence. Id. On April 15, 1998, the California Supreme Court denied a petition for review. Id. Petitioner filed a habeas petition in the California Supreme Court on May 6, 1999, which was denied on August 25, 1999. Id.

## II. PRIOR FEDERAL COURT PROCEEDINGS

On September 29, 1999, Petitioner filed his first federal habeas petition in this Court. Id. Petitioner raised the following grounds for relief: (1) He was denied effective assistance of counsel; (2) The trial court erroneously refused to allow instructions and argument on self-defense and imperfect self-defense; and (3) The trial court erroneously failed to instruct on the relationship between evidence of a mental disorder and head trauma, and specific intent. Id. On January 6, 2003, the petition was denied on the merits. Id. (Doc. 28.)

Thereafter, Petitioner filed numerous habeas petitions in this Court challenging the conviction contending, *inter alia*, that Petitioner's rights to due process and assistance of counsel were violated by insufficient evidence of Petitioner's impaired reasoning, judgment, and decision-making as a result of a head injury. See Fegan v. Arnold (1:16-cv-1142-SKO-HC); Fegan v. Frauenheim (1:14-cv-01022-AWI-SMS HC); Fegan v. Brazelton (1:14-cv-00967-JLT HC); Fegan v. Warden (1:11-cv-01863-LJO-JLT HC); Fegan v. Warden (1:10-cv-01690-AWI-JLT HC); Fegan v. Warden (1:08-cv-01373-JLT HC); Fegan v. California (1:08-cv-01140-DLB HC);

Fegan v. Scribner (1:06-cv-00531-OWW-DLB HC). The petitions were dismissed as successive.

### III.  CURRENT FEDERAL PROCEEDINGS

On April 14, 2022, Petitioner filed a request for authorization to file a second or successive petition in the Ninth Circuit Court of Appeal. On October 12, 2023, the Ninth Circuit ordered the matter transferred to this Court as a proposed petition. (Doc. 1.) Specifically, the Ninth Circuit determined that the application for authorization was unnecessary because Petitioner presented a claim regarding the denial of his petition for resentencing under Cal. Penal Code § 1170.95, which did not become ripe until after the first § 2254 petition was denied. The Ninth Circuit expressed no opinion as to the merits of the claim or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 were satisfied. On October 25, 2023, the case was received in this Court.

On October 27, 2023, the Court conducted a preliminary review of the petition and issued a screening order determining that Petitioner had failed to present cognizable claims for relief. (Doc. 7.) In particular, the claims were not properly set forth pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, mainly because the proposed petition was in the form of a request for authorization to file a successive petition rather than a form § 2254 petition. Petitioner was provided a form petition and instructed to comply with Rule 2(c) in submitting an amended petition. He was further advised that, pursuant to the Ninth Circuit's order referring the matter to the District Court, he was authorized to raise claims concerning the denial of his petition for resentencing under Cal. Penal Code § 1170.95. He was advised that successive claims concerning his conviction were unauthorized and would be subject to dismissal.

On November 13, 2023, Petitioner filed a First Amended Petition. (Doc. 15.) After conducting a preliminary review of the amended petition, on December 20, 2023, the Court issued another screening order finding Petitioner had failed to comply with the Court's instructions. Petitioner presented only successive claims regarding his conviction, neglecting to raise any claims concerning his petition for resentencing, which was the reason for the transfer from the Ninth Circuit. (Doc. 19.) The Court dismissed the successive claims and directed Petitioner to file a second amended petition raising only claims concerning his state court petition

1   for resentencing. The Court noted that the Ninth Circuit had referred the matter to the District
2   Court because Petitioner's claims under Cal. Penal Code § 1170.95 were not successive as they
3   did not become ripe until after Petitioner's first § 2254 petition was denied. (Doc. 1.)

4         On January 17, 2024, Petitioner filed a Second Amended Petition raising claims
5   concerning his petition for resentencing under Cal. Penal Code § 1170.95. (Doc. 23.) The Court
6   directed Respondent to file a response, and on March 13, 2024, Respondent filed a motion to
7   dismiss the petition. (Doc. 29.) On May 6, 2024, the Court issued findings and recommendations
8   to grant the motion to dismiss. (Doc. 42.) On June 27, 2024, Petitioner filed a motion for writ of
9   *ne exeat*. (Doc. 51.) On August 23, 2024, Petitioner filed a motion to include a memorandum to
10  the writ of habeas corpus which presented numerous claims and arguments challenging the
11  conviction. (Doc. 52.) On September 30, 2024, the District Court adopted the findings and
12  recommendations, granted Respondent's motion to dismiss, and dismissed the petition and
13  motion for writ of *ne exeat*. (Doc. 54.)

14        Petitioner appealed to the Ninth Circuit Court of Appeals. (Doc. 56.) On June 17, 2025,
15  the Ninth Circuit reversed and remanded the matter, finding the successive claims in the first
16  amended petition were improperly dismissed. (Doc. 60.) In accordance with the Ninth Circuit's
17  remand, the Court now issues Findings and Recommendations to dismiss all claims presented in
18  the first amended petition concerning the underlying conviction as successive.

19  **IV.  DISCUSSION**

20      In his first amended petition, Petitioner raised the following claims for relief: 1) He did
21  not violate Cal. Penal Code § 277 because he did not take his child from his spouse; 2) He
22  suffered a frontal lobe injury just prior to his arrest; 3) The trial court violated his right to
23  reciprocal discovery; and 4) The jury was not instructed on the head injury evidence and its
24  correlation to mens rea and actus reus.

25      Petitioner's claims challenge the validity of his underlying 1995 Kern County conviction.
26  Absent authorization from the Ninth Circuit, Petitioner may not bring another habeas petition
27  challenging the underlying judgment in the state case in federal district court. See 28 U.S.C. §
28  2244; see also Burton v. Stewart, 549 U.S. 147, 152-53, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

In this case, the Ninth Circuit referred the matter to this Court because Petitioner raised a claim regarding the denial of his petition for resentencing under Cal. Penal Code §1170.95, which did not become ripe until after Petitioner's first § 2254 petition was denied. The Ninth Circuit did not authorize Petitioner to raise second or successive claims concerning the underlying conviction. The Court is without jurisdiction to consider Petitioner's challenges to his underlying conviction and/or sentence. The state courts denied resentencing relief and did not disturb Petitioner's original judgment. (Doc. 30-2.) Thus, the judgment Petitioner is attacking is his original judgment. Absent clear Ninth Circuit authority providing that an unsuccessful petition for resentencing opens the door for a petitioner to bypass the second or successive bar to have a court hear claims beyond those based solely on the denial of the petition for resentencing, the Court cannot reach Petitioner's successive claims.

## V. RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition and first amended petition, to the extent the claims were not already dismissed by the District Court for lack of jurisdiction, be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. Id. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver

of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **July 2, 2025**                                           /s/ *Sheila K. Oberto*
                                                                                              UNITED STATES MAGISTRATE JUDGE