UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN RUSSELL FEGAN,<br><br>Petitioner,<br><br>v.<br><br>JANAN CAVAGNOLO, Acting Warden,<br><br>Respondent. | No. 1:23-cv-01520-KES-SKO (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION AND FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Doc. 62 |

Petitioner Stephen Russell Fegan is a state prisoner proceeding pro se and in forma pauperis in this habeas corpus action. On September 30, 2024, the Court adopted the assigned magistrate judge's findings and recommendations that recommended dismissing the second amended petition without leave to amend. Doc. 54. Petitioner appealed, and the Ninth Circuit granted a certificate of appealability "as to whether the magistrate judge exceeded her authority in dismissing, without the consent of the parties, (1) the proposed habeas petition transferred by this court in Case No. 22-722 to the district court, and (2) appellant's first amended petition, with leave to amend, after concluding that the petition contained claims that were impermissibly successive." Doc. 59. Respondent conceded that the assigned magistrate judge did not have that

1

authority, and the Ninth Circuit vacated the Court's judgment and remanded to this Court "for further proceedings consistent with *Williams v. King*, 875 F.3d 500 (9th Cir. 2017)." *Id.* The Court then referred this matter back to the assigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 to "issue findings and recommendations as to: (1) whether the original habeas petition in this matter should be dismissed, and (2) if so, whether the first amended petition should also be dismissed." Doc. 61.

On July 3, 2025, the assigned magistrate judge issued findings and recommendations to dismiss the original petition and the first amended petition as successive. Doc. 62. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. No objections have been filed, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, the Court adopts in part the findings and recommendations.

The original petition is dismissed. As the assigned magistrate judge noted in the screening order of that petition, *see* Doc. 7, that petition failed to comply with Rule 2(c) of the Rules Governing Section 2254 Cases as it largely takes the form of an application to file a successive petition. *See* Doc. 2. An application to file a successive petition must include the proposed section 2254 petition. *See* Ninth Cir. Rule 22-3(a)(2). Petitioner appended to his application to file a successive petition only the odd-numbered pages of his proposed petition. *See* Doc. 2 at 9–17. As such, grounds one and two of that proposed petition were omitted entirely, and necessary context for grounds three and four were absent. *See id.* Rule 2(c) requires that petitioner "(1) [s]pecify all the grounds for relief available to the petitioner; [and] (2) [s]tate the facts supporting each ground." The inclusion of only the odd-numbered pages of petitioner's proposed petition therefore did not comply with Rule 2(c), and that petition should be dismissed on those grounds.

The findings and recommendations correctly concluded that all claims in the first amended petition, Doc. 15, should be dismissed as successive. *See* Doc. 62 at 4–5. To that

2

1  extent, the Court adopts the findings and recommendations.[1]

2  Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–336 (2003). If a court denies a habeas petition on the merits, the court may issue a certificate of appealability only "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the original petition and first amended petition should be denied debatable or wrong, or that petitioner is deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

//
///
///
///
///
///
///
///

---

[1] To the extent petitioner's second amended habeas petition (Doc. 23) could be construed to still be pending before the Court, dismissal of that petition is warranted for the reasons set forth in the Court's September 30, 2024, order (Doc. 54).

Accordingly,

1. The findings and recommendations issued on July 3, 2025, Doc. 62, are adopted in part;
2. The petitions for writ of habeas corpus are dismissed;
3. The Clerk of Court is directed to enter judgment and close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   August 6, 2025

UNITED STATES DISTRICT JUDGE

4